**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0560, <u>Richard P. Cassidy v. New Hampshire Department of Health and Human Services</u>, the court on April 6, 2017, issued the following order:**

Having considered memoranda of law filed by the parties and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Richard P. Cassidy, appeals an order of the Superior Court (<u>McNamara</u>, J.) denying his petition for a writ of certiorari in which he sought review of the 2015 denial by the defendant, the New Hampshire Department of Health and Human Services (DHHS), of his application for aid to the permanently and totally disabled (APTD) cash assistance. <u>See</u> RSA 167:6 (2014) (amended 2016); <u>see</u> <u>also</u> <u>Petition of Kilton</u>, 156 N.H. 632, 637 (2007) (explaining that review of DHHS fair hearings decisions is by petition for certiorari). DHHS denied the plaintiff's application based upon an August 2014 determination by the federal Social Security Administration that he is not disabled within the meaning of the federal Social Security Act and, therefore, ineligible for supplemental security income (SSI) benefits. We affirm.

The trial court ruled that DHHS acted consistently with RSA 167:6. At the time of the denial by DHHS, RSA 167:6, VI provided that, to be eligible for APTD benefits, a person must be "disabled as defined in the federal Social Security Act . . . and the regulations adopted under such act." RSA 167:6, VI further provided: "Cash assistance shall terminate upon a finding of ineligibility for federal benefits . . . ." Department regulations provided that the word "terminate" as used in RSA 167:6, VI included the denial of an application for APTD cash assistance. <u>See</u> <u>N.H. Admin. Rules</u>, He-W 652.07(n). In 2016, RSA 167:6, VI was amended. <u>See</u> Laws 2016, 184:1. As amended, RSA 167:6, VI now provides: "State cash assistance for an applicant shall be denied, or for a recipient shall be terminated, upon a finding of clinical ineligibility for such federal cash benefits . . . ." RSA 167:6, VI (Supp. 2016).

The trial court determined that DHHS did not act illegally because, under the version of RSA 167:6, VI in effect at the time, "the Legislature [had] made a determination that benefits may not be provided to those terminated from SSI because they are ineligible." The court further concluded that "[i]t would be unreasonable to interpret the statute as providing that benefits may be provided to those who apply for SSI benefits, even though the Social Security administration has made a decision that they are not eligible for SSI benefits, where the Legislature has mandated that those terminated from receiving SSI

benefits because of a determination that [they] are able to work, cannot receive APTD benefits."

The plaintiff has not provided a complete record for our review, which is his burden as the appealing party. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see Sup. Ct. R. 13. Nor has he articulated an appellate argument. "[I]n the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." State v. Blackmer, 149 N.H. 47, 49 (2003) (quotation omitted). As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2